Shiv KUMAR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75738.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Filed April 19, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Tara Leigh Grove, DOJ—U.S. Department

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**854**

of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Shiv Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the IJ had reason to question Kumar's credibility with regard to his claim that a corrupt local businessman, Mr. Manchanda, caused his arrest. Kumar's claim is inconsistent with documents he produced showing that he was arrested in India for falsifying his wife's passport, and that he left India after threatening a magistrate. *See Wang v. INS*, 352 F.3d 1250, 1258 (9th Cir.2003) (upholding the IJ's adverse credibility determination based on inconsistencies between documentary evidence and testimony). Further, because the IJ had reason to question Kumar's credibility, the IJ could properly seek corroborating documents. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

In the absence of credible testimony, Kumar has failed to establish eligibility for asylum or withholding of removal. *See*

---

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Kumar's motion for a stay of removal is granted and shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

